IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>Petitioners,<br><br>v.<br><br>SERVICE PRO BUILDING MAINTENANCE CO. and JOSE RENE JIMENEZ d/b/a SERVICE PRO BUILDING MAINTENANCE CO.,<br><br>Respondents.<br>_____/ | No. C-04-3173 MMC<br><br>**ORDER GRANTING PETITIONERS' MOTION FOR DEFAULT JUDGMENT; VACATING HEARING**<br><br>(Docket No. 28) |

    Before the Court is the motion for default judgment, filed April 22, 2005, by petitioners General Employees Trust Fund and Board of Trustees of General Employees Trust Fund (jointly, "Trust Fund"), for confirmation of two arbitration awards issued in their favor and against respondents Service Pro Building Maintenance Co. and Jose Rene Jimenez doing business as Service Pro Building Maintenance (jointly, "Service Pro"). No response has been filed.  Having read and considered the papers filed in support of the motion, the Court finds the matter appropriate for resolution without oral argument, and hereby VACATES the May 27, 2005 hearing.  For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Service Pro entered into a collective bargaining agreement with Service Employees International Union, Local 1877, which bound Service Pro to the terms and conditions of the Restated Trust Indenture Providing For General Employees Trust Fund ("Restated Trust Indenture"). (See Petition to Confirm Arbitration Awards ("Pet.") ¶¶ 12-15 and Ex. 1 (Restated Trust Indenture).) According to the terms of the Restated Trust Indenture, Service Pro agreed to make certain contributions into the trust funds. (See id. ¶ 17.) The Trust Fund alleges Service Pro failed to make the requisite contributions for two distinct time periods.

First, the Trust Fund alleges, Service Pro failed and refused to pay the amounts due to the Trust Fund for the period from January 1, 2001 through October 31, 2001. (See id. ¶ 22.) The Restated Trust Indenture provides that the trustees "may refer any claim against an employer for delinquent contributions to final and binding expedited arbitration," subject to certain conditions. (See id. Ex. 1 § 7.13.) On October 16, 2003, the Trust Fund served Service Pro by regular mail and certified mail with a notice of expedited arbitration under the Restated Trust Indenture, (see id. Ex. 1 § 7.13(a)), advising Service Pro of an arbitration hearing scheduled for November 20, 2003. (See id. ¶ 27.) Service Pro failed to appear at the arbitration hearing, and the arbitrator issued an award of $45,590.79 in favor of Trust Fund, for delinquent contributions, liquidated damages, interest, collection costs, and costs of the arbitration. (See id. ¶¶ 29-32 and Ex. 3.)

Second, the Trust Fund alleges, Service Pro owed delinquent contributions due to its failure to file monthly remittance reports and contributions for work performed during October and November 2003 and its late payments of contributions for work performed from July through September 2003. (See id. ¶ 43.) The Trust Fund served Service Pro by regular mail and certified mail with notice of expedited arbitration under the Restated Trust Indenture, advising Service Pro of an arbitration hearing scheduled for April 20, 2004. (See id. ¶ 43.) Service Pro failed to appear at the arbitration hearing, and the arbitrator issued an award of $54,886.67 in favor of Trust Fund, for delinquent contributions, liquidated

damages, interest, collection costs, and costs of the arbitration.  (See Pet. ¶¶ 46-49 and Ex. 5.)

On September 17, 2004, the Trust Fund filed the instant petition to confirm the arbitration awards, and Service Pro failed to respond to the Trust Fund's petition.  The Trust Fund thereafter applied for entry of default, which the Clerk of the Court entered on January 25, 2005.  The Trust Fund now moves for default judgment.

## LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, entry of default does not automatically entitle plaintiff to a judgment.  Fed. R. Civ. P. 55(b)(2).  A decision to grant or deny default judgment lies within the court's sound discretion.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). In addition, "[a] judgment by default shall not be different from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c).  The Court may hold such hearings as it deems necessary in order to determine the amount of damages, to establish the truth of any averment by evidence, or to make an investigation of any other matter necessary in order to enable the Court to enter judgment or to carry it into effect.  See Fed. R. Civ. P. 55(b)(2).

The Court may deny a motion for default judgment where it determines no meritorious claim has been alleged.  See Aldabe, 616 F.2d at 1092-93.  Although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, a default does not admit allegations that are mere conclusions of law.  See Nishimatsu Construction Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). "Necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of No. America, 980 F.2d 1261, 1267 (9th Cir. 1992).  Accordingly, if the complaint omits allegations essential to recovery, a

default judgment cannot stand.  See Nishimatsu, 515 F.2d at 1206.

**DISCUSSION**

The Trust Fund seeks confirmation of the two arbitration awards, plus attorney's fees, costs, and interest.  With respect to the first arbitration award, the Trust Fund additionally seeks an award of $1117.00 in arbitration fees.

**1.    Arbitration Awards**

"[W]hen reviewing the award of an arbitrator, . . . [courts] are bound – under all except the most limited circumstances – to defer to the decision of another . . . ." Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989) (en banc).  The Court must accord an arbitrator's decision a "nearly unparalleled degree of deference."  (See id. at 1205.)  There are very narrow exceptions, however, to that general rule:

> (1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud.

Southern Cal. Gas Co. v. Util. Workers Union of Am., 265 F.3d 787, 792-93 (9th Cir. 2001).

**a.    First Arbitration Award**

With respect to the first arbitration award, the Trust Fund seeks confirmation of the arbitrator's award of $45,590.79 and, additionally, seeks an award of $1117.00 in arbitration fees, for a total of $46,707.79.  (See Pet. ¶¶ 32, 34.)  As Service Pro has not challenged the arbitration award, and no defect appears on the face of the arbitration award, the Court finds confirmation of the award is appropriate.

As part of that award, the arbitrator awarded the "cost of arbitration."  (See id. Ex. 3; see also, id. Ex. 1 § 7.13(d).)  In its petition, Trust Fund states it incurred fees in the amount of $1117.00 in connection with the first arbitration and includes that amount in a declaration setting forth the damages "owe[d] to petitioners."[1]  (See Sidd-Champion Decl.

---

[1] The total sum claimed on both awards is $101,594.46, representing the awarded amounts of $45,590.79 and $54,886.67, respectively, plus $1117.00 in arbitration fees.

4

¶ 6.)

Accordingly, the Trust Fund's motion for default judgment on the petition to confirm the first arbitration award will be granted in the amount of $46,707.79.

      **b.**    **Second Arbitration Award**

With respect to the second arbitration award, the Trust Fund seeks confirmation of the arbitrator's award of $54,886.67.  (See Pet. ¶ 49.)  As Service Pro has not challenged the arbitration award, and no defect appears on the face of the arbitration award, the Court finds confirmation of the award is appropriate.

Accordingly, the Trust Fund's motion for default judgment on the petition to confirm the second arbitration award will be granted in the amount of $54,886.67.

    **2.**    **Interest**

The Trust Fund seeks an award of interest on the first and second arbitration awards at the "legal rate of interest," which the Trust Fund contends is 1.36% with respect to the first award and 1.41% with respect to the second award.[2]  (See id. ¶¶ 32, 49; see also Petitioner's Motion at 5.)  As of November 20, 2003, the date of the first arbitration award, the legal rate of interest was 1.36% per annum.  (See 28 U.S.C. § 1961; see also http://www.federalreserve.gov/releases/H15/data/wf/tcm1y.txt.)  Thus, the interest due on the first arbitration award of $46,707.79, for the period November 20, 2003 through May 16, 2005 (543 days), is $945.01, plus an additional $1.74 per day until paid.

As of April 20, 2004, the date of the second arbitration award, the legal rate of interest was 1.41%.  (See 28 U.S.C. § 1961; see also http://www.federalreserve.gov/releases/H15/data/wf/tcm1y.txt.)  Thus, the interest due on the second arbitration award of $54,886.67, for the period April 20, 2004 through May 16, 2005 (391 days), is $829.03, plus an additional $2.12 per day until paid.

---

[2]Although the Restated Trust Indenture provides that the sum of the delinquent contributions and liquidated damages due shall bear interest at the rate of seven percent (7%) per annum until paid, (see Pet. Ex. 1 § 8.8), the Trust Fund requests an award only of the legal rate of interest at the rates set forth above.  (See id. ¶¶ 32, 49; see also Petitioner's Motion at 5.)

Accordingly, the Court finds the Trust Fund has demonstrated its entitlement to a combined award of interest in the amount of $1774.04 through May 16, 2005, plus an additional $3.86 per day until paid.

### 3. Attorney's Fees and Costs

The Restated Trust Indenture provides for recovery of attorney's fees and costs incurred by the Trust Fund in collecting delinquent contributions, (see Pet. Ex. 1 § 8.8); the Trust Fund also relies on 29 U.S.C. § 1132(g)(2), which states that "[t]he court shall award . . . reasonable attorney's fees and costs of the action" incurred in the collection of delinquent contributions. See 29 U.S.C. § 1132(g)(2).

The Trust Fund submits the declaration of Diane Sidd-Champion ("Sidd-Champion Decl."), counsel for the Trust Fund, in support of its claim for fees and costs. In her declaration, Sidd-Champion attests that the Trust Fund "w[as], or will be billed for 35.6 hours of attorney time for [her] services through April 22, 2005, for a total amount of $7832.00," calculated at a billing rate of $220.00 per hour. (See Sidd-Champion Decl. ¶ 5.) Sidd-Champion's services included corresponding with the Trust Fund, reviewing documents, and drafting motions. (See id.) Sidd-Champion additionally attests that the Trust Fund incurred $730.00 in court costs, including $150.00 for the court filing fee and $580.00 for "service fees,"[3] which costs are provided for by the Restated Trust Indenture. (See id. ¶ 4; see also Pet. Ex. 1 § 8.8 (stating the "employer shall be liable for all court costs, . . . collection costs and fees . . . incurred by the trust in collecting such contributions").) As the billing rate of $220.00 per hour and the amount of work performed are reasonable, the Court finds Sidd-Champion's declaration provides sufficient evidentiary support for the Trust Fund's claim for $7832.00 in fees and $730.00 in costs.

### CONCLUSION

For the reasons set forth above, petitioners' motion for default judgment is hereby

---

[3]The record reflects the Trust Fund's difficulties in effectuating service on Service Pro. (See, e.g., Ex Parte Application for Extension of Time to Serve Petition and Summons, filed December 1, 2004.)

1 | GRANTED and judgment shall be entered in favor of petitioners and against respondents
2 | as follows:
3 |     1. The November 20, 2003 arbitration award is hereby CONFIRMED, in the amount
4 | of $45,590.79, together with arbitration fees in the amount of $1117.00, for a total of
5 | $46,707.79.
6 |     2. The April 20, 2004 arbitration award is hereby CONFIRMED, in the amount of
7 | $54,886.67.
8 |     3. Petitioners are awarded interest in the amount of $1774.04, through May 16,
9 | 2005, plus an additional $3.86 per day until the judgment is paid.
10 |    4. Petitioners are awarded attorney's fees in the amount of $7832.00, plus costs in
11 | the amount of $730.00.
12 |    The Clerk shall close the file.
13 |    **IT IS SO ORDERED.**
14 | Dated: May 16, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge